UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BRYAN TILLMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>    Defendant. | No. 2:13-cv-0961 MCE DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10 However, in order to survive dismissal for failure to state a claim a complaint must contain more

11 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

13 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17      The Civil Rights Act under which this action was filed provides as follows:

18  > Every person who, under color of [state law] . . . subjects, or causes
19  > to be subjected, any citizen of the United States . . . to the
    > deprivation of any rights, privileges, or immunities secured by the
    > Constitution . . . shall be liable to the party injured in an action at
20  > law, suit in equity, or other proper proceeding for redress.

21 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

26 omits to perform an act which he is legally required to do that causes the deprivation of which

27 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28 /////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified the Sacramento County Superior Court of California as the sole defendant. In his complaint plaintiff alleges that the California Board of Parole Hearings has not provided him with a fair hearing and denied him parole in 2004, 2008, and 2010. According to plaintiff, his release on parole is overdue, and the additional time he has spent in state prison constitutes cruel and unusual punishment in violation of the Eighth Amendment. In terms of relief, plaintiff requests $200,000.00 in damages for every year he has improperly not been released on parole. (Compl. at 5.)

## DISCUSSION

The court will recommend that this action be dismissed because plaintiff's success in this action would necessarily call into question the constitutionality of his imprisonment and implicate the duration of his confinement. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the

3

invalidity of confinement or its duration.") (emphasis in original); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (dismissing § 1983 action for declaratory relief and money damages because successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed).  If plaintiff wishes to challenge the fairness of his parole hearings, a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after exhausting all of his constitutional claims in state court.

Based on the circumstances of this case, the undersigned concludes that it is clear plaintiff cannot cure the deficiencies of his complaint, and therefore, dismissal without leave to amend is appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied;

2. Plaintiff's complaint be dismissed without prejudice as Heck-barred; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 29, 2014

DAD:9

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE